# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GILBERTO RAMOS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-2064-Orl-35DAB**

**PANCHO'S SPANISH BAKERY & DELI,
ANTHONY SIRICA, MARIA SIRICA,**

        **Defendants.**

_____

## ORDER TO SHOW CAUSE

This cause comes before the Court on its own initiative. The docket reflects that Plaintiff's counsel, Ms. E. Nannette Piccolo of the law firm Morgan & Morgan, filed a Motion for Entry of Clerk's default against all Defendants (Doc. No. 8). The motion is supported by what purports to be the Affidavit of E. Nanette Piccolo, Esquire (Doc. No. 8-2). However, this document is manifestly false.

According to the jurat, the Affidavit of Ms. Piccolo was executed by Mr. Celler. Obviously, either the jurat is false or the Affidavit is false. Coming in the wake of other recent difficulties regarding the reliability of affidavits filed by this attorney and her law firm, this discrepancy, regardless of any explanation, is highly troublesome.

In *Cunningham v. Senez Roofing, LLC, et al.,* Case No. 6:08cv1648-Orl-31DAB (Doc. No. 33), this Court admonished counsel for attaching an earlier jurat to a different document, resulting in a patently false declaration. The Court, noting that "expediency never trumps truth," and reminded counsel that "the sanctity of a sworn oath cannot take a back seat in the hierarchy of professional

obligations." Counsel was then "advised and admonished that future filings of knowingly false declarations in any case in this Court **will** result in referral to The Florida Bar." (emphasis original).

Here, less than one month after issuance of the *Cunningham* sanctions Order, Ms. Piccolo files the instant defective Affidavit, placing the Court in the position of addressing whether the filing warrants the threatened referral to The Florida Bar (should the declaration be perjured), whether this is a case of notary fraud, reportable to the appropriate state or federal authorities, or whether there is an alternative explanation that warrants other sanctions.

The affidavit presents additional issues. In paragraph one, the Affidavit asserts that Ms. Piccolo is a partner in the firm, a claim that is not supported by the firm's professional listing in Martindale-Hubbell. In addition, attached to the filing is a document (labeled Exhibit B) that appears to be a response by one of the Defendants asserting a denial of the claim set forth in the Complaint. Although it is not in the form of an answer, this document does manifest an intent to defend the action and sets forth a defense. As such, entry of default on this record is inappropriate, and the motion filed as Doc. No. 8 is **DENIED.**

Counsel for Plaintiff is **ORDERED** to show cause in writing by January 31, 2009, why sanctions, including possible referral of the matter to the Florida Bar, should not be imposed for the filing of this affidavit.

The Clerk is directed to docket Exhibit B as an answer to the complaint on behalf of Maria Sirica. The remaining Defendants are admonished that they must serve and file answers to the complaint by February 10, 2009 if they wish to defend this action. The corporate defendant is further advised that it may appear in this Court only through an attorney who is a member of the Bar of the Court. The Clerk is directed to mail a copy of this Order to each Defendant at 1602 Rio Cove Court, Orlando, FL 32825.

**DONE** and **ORDERED** in Orlando, Florida on this 23rd day of January, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties